UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-14287-CV-MOORE
MAGISTRATE JUDGE REID

JEFFREY W. MALLON,

    Plaintiff,

v.

STATE OF FLORIDA, et al.,

    Defendant.
    _____/

## REPORT OF MAGISTRATE JUDGE
## RE CIVIL RIGHTS COMPLAINT-42 U.S.C. § 1983
[ECF No. 1]

### I. Introduction

Plaintiff, **Jeffrey W. Mallon**, a pre-trial detainee, has filed a civil rights Complaint, pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff is challenging a decision regarding bail made in his state criminal case in St. Lucie County Circuit Court, Case No. **2019CF003206A**. [*Id.* at 1-3]. Plaintiff alleges that the excessive bail amount violated his constitutional rights. [*Id.* at 4-5].

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See*

28 U.S.C. § 636(b)(1)(B),(C), Fed. R. Civ. P. 72(b), S.D. Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

Plaintiff has been granted *in forma pauperis* ("IFP") status [ECF No. 6] and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003). Because Plaintiff is also a prisoner, seeking redress from governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. § 1915A; *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007).

For the reasons below, the Undersigned **RECOMMENDS** that any claims for injunctive and declaratory relief be **DISMISSED** without prejudice pursuant to the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971).

## II. Plaintiff's Complaint

Plaintiff sues the following defendants: St. Lucie County Clerk of Courts, State of Florida's State Attorney's Office, St. Lucie County Sheriff Ken J. Mascara. [ECF No. 1 at 1-4]. Plaintiff alleges that the state court failed to consider whether bail was excessive. [*Id.* at 4]. According to Plaintiff's state court docket, the trial court set his bond at $75,000 during a January 3, 2020 hearing. [State Court Docket, Case No. 2019CF003206A, DE# 29, 32]. Plaintiff expressly states that he seeks

"$0.00" in monetary damages. [ECF No. 1 at 5]. He appears to either be asking this court to make a ruling on the bond issue or direct the state court to reconsider its decision. [*Id.*].

The Undersigned notes that Plaintiff's criminal proceedings are still ongoing in the Circuit Court of the Nineteenth Judicial Circuit in and for St. Lucie County, Florida in **Case No. 2019CF003206A.** The parties are in the midst of the pre-trial proceedings in Plaintiff's criminal case. The Undersigned takes judicial notice of the existence and status of the state court proceedings pursuant to Fed. R. Evid. 201.

### III. Discussion

In *Younger*, 401 U.S. at 41, the Supreme Court held that federal courts should decline to exercise jurisdiction over suits aimed at restraining pending state prosecutions. *See also Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (discussing *Younger*, 401 U.S. 37). *Younger* abstention applies "only if the state proceedings: (1) are pending at the time of the federal action; (2) implicate important state interests; and (3) provide an adequate opportunity for raising federal constitutional questions." *Hale*, 694 F. App'x at 683. (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Here, Plaintiff was charged with resisting officer without violence and aggravated battery with a weapon on July 24, 2019. [State Court Docket,

3

2019CF003206A, DE# 11]. Petitioner filed the instant Complaint on August 13, 2020. [ECF No. 1 at 11]. Given that the state criminal proceeding was pending before Plaintiff commenced this civil action, the first factor weighs in favoring of applying the *Younger* abstention doctrine.

Second, Plaintiff's state criminal proceedings implicate important state interests. States have an important interest in administering aspects of its judicial system, including the adjudication of criminal proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987) (holding that states have an important interest in enforcing its criminal laws from which the federal courts should abstain from interfering with). Here, the State of Florida has an important interest in prosecuting Plaintiff's pending offenses. Accordingly, the second factor weights in favor of abstention.

Finally, Plaintiff has not established that the state judicial proceeding would fail to provide an adequate remedy for his federal claims. "Federal courts should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Watson v. Fla. Jud. Quals. Comm'n*, 618 F. App'x 487, 491, (11th Cir. 2015) (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003)).

Here, Plaintiff's Complaint is predicated on federal constitutional rights. The

Supreme Court has already established that comity "precludes any presumption that the state courts will not safeguard federal constitutional rights." *Middlesex*, 457 U.S. at 431. Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues in the state court system. Accordingly, the final factor weighs in favor of abstention. Accordingly, all three factors weigh in favor of *Younger* abstention.

### IV. Recommendations

Based on the above, it is **RECOMMENDED** that Plaintiff's claims for injunctive and declaratory relief be **DISMISSED** without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar a party from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 1st day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Jeffrey W. Mallon**
37449
St. Lucie County Jail
Inmate Mail/Parcels
900 North Rock Road
Fort Pierce, FL 34945
PRO SE