UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:20-cv-14287-KMM

JEFFREY W. MALLON,

    Plaintiff,

v.

STATE OF FLORIDA, *et al.*,

    Defendants.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se* Plaintiff Jeffrey Mallon's ("Plaintiff") Complaint bringing claims pursuant to 42 U.S.C. § 1983. ("Compl.") (ECF No. 1). The matter was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to the abstention doctrine elucidated in *Younger v. Harris*, 401 U.S. 37 (1971). ("R&R") (ECF No. 8). Plaintiff filed timely objections.[1] ("Objs.") (ECF No. 9). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party

---

[1] On November 15, 2020, Plaintiff filed additional objections, along with what appears to be an attempt at a notice of appeal. *See* (ECF No. 10). However, the Court had not yet entered an order on the R&R at the time of Plaintiff's filing. Accordingly, the Court will treat Plaintiff's October 10, 2020 filing, *see* Objs., as the operative objections.

files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.* However, objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R."). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015).

As set forth in the R&R, Magistrate Judge Reid recommends that the Court decline to exercise jurisdiction based on the U.S. Supreme Court's holding in *Younger*.[2] R&R at 3–5. Specifically, Magistrate Judge Reid finds that (1) Plaintiff was charged with resisting arrest without violence and aggravated battery with a weapon on July 24, 2019; (2) these state proceedings were pending at the time Plaintiff filed the instant Complaint on August 13, 2020; (3)

---

[2] *Younger* abstention applies "only if the state proceedings: (1) are pending at the time of the federal action; (2) implicate important state interests; and (3) provide an adequate opportunity for raising federal constitutional questions." *Hale v. Pate*, 694 F. App'x 682, 683 (11th Cir. 2017) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Plaintiff's state criminal proceedings implicate important state interests; and (4) Plaintiff has not established that the state judicial proceeding would fail to provide an adequate remedy for his federal claims because Plaintiff's Complaint is predicated on federal constitutional rights which can be vindicated in the state court proceedings. *Id.* Accordingly, Magistrate Judge Reid finds that each of the three factors articulated by the Supreme Court in *Younger* weigh in favor of abstention. *Id.* at 5.

In the Objections,[3] Plaintiff objects to Magistrate Judge Reid's finding that he has not established that the state judicial proceeding would fail to provide an adequate remedy for his federal claims. *See generally* Objs. Specifically, Plaintiff argues that (1) he "pursued all the constitutional issues in the state court and legal system"; (2) the state court system does not afford him an adequate remedy, "[g]iven the requirement that arrest [sic] be made only on probable cause and that one detained be accorded a speedy trial"; and (3) he provided the Florida Bar an opportunity to assist in resolving the asserted constitutional issues, and the state courts have been afforded a reasonable opportunity to reach the merits. *See id.* at 5, 11, 15–16. In support of his argument, Plaintiff includes an exhibit comprised of various state court rulings on his case, as well as a letter from the Florida Bar to the State Public Defender's Office. *See* (ECF No. 9-1).

However, Magistrate Judge Reid considered Plaintiff's state court criminal proceedings in the R&R. *See* R&R at 3, 4–5 (taking judicial notice of the "existence and status" of Plaintiff's state court proceedings and finding that Plaintiff has an adequate remedy at law). Additionally, the state court rulings attached as an exhibit to Plaintiff's Objections do not support his contention

---

[3] Plaintiff's nineteen handwritten pages' worth of Objections consist almost entirely of citations to and quotations from case law—*not* specific and proper objections to Magistrate Judge Reid's findings. *See generally* Objs.; *see also Macort*, 208 F. App'x at 784. Nonetheless, the Court generously construes the Objections as generally objecting to Magistrate Judge Reid's third finding, which is discussed further below.

that the state court system does not afford him an adequate remedy, or that the state courts "reached the merits" of his state court petition for writ of habeas corpus. *See generally* (ECF No. 9-1). Rather, the rulings indicate that Plaintiff's numerous *pro se* motions filed in state court were stricken as improper since he was represented by court-appointed counsel. (ECF No. 9-1) at 6. Accordingly, the Court concludes from the record that no clear error was made, and agrees with Magistrate Judge Reid's findings in the R&R. *Keaton*, 2015 WL 12780912, at *1 ("[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

UPON CONSIDERATION of the Complaint, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's R&R (ECF No. 8) is ADOPTED. Plaintiff's claims for injunctive and declaratory relief are DISMISSED WITHOUT PREJUDICE pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The Clerk of Court in INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 10th day of June, 2021.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record

4